UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACQUE JULIEN                                    CIVIL ACTION

VERSUS                                           NO:   15-557

EPL OIL & GAS, INC.                              SECTION: "F" (4)

### ORDER

Before the Court are a **Motion for Expedited Hearing on Motion to Compel Independent Medical Examination** and a **Motion to Compel Independent Medical Examination (R. Doc. 11)**, filed by the Defendant. Defendant seeks to expedite its **Motion to Compel Independent Medical Examination (R. Doc. 11)**, which goes under submission on August 26, 2015, and seeks an Order compelling Plaintiff Jacque Julien to submit to an independent medical examination on August 20, 2015. After duly considering the Defendant's **Motion for Expedited Hearing on Motion to Compel Independent Medical Examination** (R. Doc. 16), the Court granted the motion to expedite and the underlying motion to compel was heard by teleconference on August 13, 2015.

### I.    Background

The action was originally filed on January 27, 2015, by Plaintiff Jacque Juilen in the Civil District Court for the Parish of Orleans, State of Louisiana. R. Doc. 1. The action is based on personal injuries that occurred on April 7, 2014. R. Doc. 1-2, p. 4. The Plaintiff contends that Defendant failed to maintain its premises in a safe condition. R. Doc. 1-2, p. 4.  As a result, a "drum holding a fire hose became dislodged" and struck the Plaintiff. *Id.* Plaintiff alleges that he suffered injuries to his "left shoulder and arm, his bones, muscles and joints, organs and tissues among other component parts of his head, back, ribs, legs, feet and hands." R. Doc. 1-2, p.5. Based on diversity, Defendant removed the action to this Court on February 20, 2015. R. Doc. 1.

1

As to the instant motion, Defendant requests, pursuant to Rule 35 of the Federal Rules of Civil Procedure, that the Court issue an Order compelling Plaintiff to submit to an independent medical examination ("IME"). R. Doc. 15. Defendant contends that he first learned Plaintiff was recommended for shoulder surgery on July 28, 2015, and confirmed the date of Plaintiff's scheduled shoulder surgery during Plaintiff's deposition on July 30, 2015. On July 28th an IME was scheduled with Dr. R. Douglas Bostick for August 10, 2015. Defendant contends that he notified Plaintiff's counsel of the scheduled August 10th independent examination via email on July 29, 2015. R. Doc. 15-1.

Plaintiff's counsel notified counsel for the Defendant that his client would be present for the August 10th IME, but Plaintiff failed to appear. R. Doc. 15-1. Defendant rescheduled the IME for Dr. Bostick's next available date, August 20, 2015. R. Doc. 15-1. However, Plaintiff is scheduled to undergo shoulder surgery, performed by Dr. Malcolm Stubbs, on August 18, 2015. Thus, Defendant seeks an Order from this Court to defer Plaintiff's shoulder surgery until after the scheduled IME on August 20, 2015. R. Doc. 15-1, p. 4.[1]

## II. Standard of Review

Rule 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1). A court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(2).

---

[1] Defendant's states that "defendant had no choice but to file this motion and request an Order from the Court compelling the plaintiff to appear for the August 20, 2015 IME with Dr. Bostick, ***before*** he undergoes surgery on August 18, 2015." R. Doc. 15-1, p. 4 (emphasis in original). Although the text of the motion is unclear, the attached emails (R. Doc. 15-6) clarify that the Defendant's request is to defer surgery until after the scheduled IME on the 20th.

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118. A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119.

"The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

**III.   Analysis**

Defendant seeks an Order from the Court compelling the Plaintiff to appear for the August 20, 2015 IME with Dr. Bostick and to defer the August 18th shoulder surgery until after August 20th. R. Doc. 15-1. A hearing on the expedited motion was held on August 13, 2015. There, Defendant's counsel again argued that Plaintiff's shoulder surgery must be deferred until after the IME.

In opposition, Plaintiff's counsel argued that Defendant knew of the shoulder surgery recommendation and should have scheduled an IME at an earlier time. Plaintiff's counsel also stated that his client is not opposed to having the IME but a miscommunication occurred

between Plaintiff and Plaintiff's father that resulted in Plaintiff's failure to appear on August 10th. Plaintiff's counsel represented that he spoke with Plaintiff's father, instead of the Plaintiff directly, because counsel could not reach Plaintiff by phone due to his client's phone being reactivated and not receiving calls. Instead of contacting the Plaintiff directly, Plaintiff counsel contacted Plaintiff's father. Counsel stated that Plaintiff's father agreed to relay the message to Plaintiff. However, Plaintiff's counsel did not confirm the time, date, and location of the IME through direct, written communication with his client. Plaintiff's counsel also stated that the shoulder surgery was originally scheduled "some time ago" but was pushed back because of a scheduling issue with Dr. Stubbs.

To determine whether to grant the Defendant's request for the second IME, this Court will consider the facts underlying the request in light of Rule 35's two-prong test. First, the physical state of the Plaintiff is clearly in controversy. Plaintiff argues that this action revolves around Defendant's negligence that caused Plaintiff's shoulder injury. Although an independent medical examination is within the discretion of the Court, here there is no dispute that the physical state of Plaintiff's shoulder is in controversy.

As to the second prong, good cause exits. The Court agrees with Defendant's argument that Plaintiff's failure to appear for the IME on August 10, 2015 was inexcusable. Plaintiff's counsel only communicated to his client through his father and did not communicate with his client through direct, written communication. Written communication to his client would have likely eliminated the risk of miscommunication. Also, as mentioned during the expedited hearing, Plaintiff is not opposed to having an IME. To avoid the spoliation of evidence, the IME must occur before Plaintiff's shoulder surgery. Finally, since the shoulder surgery was already pushed back to August 10th, the surgery is likely not urgent. Thus, the Court defers the surgery until after the IME. Dr. Bostick has agreed to reschedule the IME for August 20, 2015, and the

Court orders that Plaintiff's surgery shall be stayed until after the IME is performed on August 20th. Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Expedited Hearing on Motion to Compel Independent Medical Examination (R. Doc. 16)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Compel Independent Medical Examination (R. Doc. 15)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's shoulder surgery scheduled for August 18, 2015 with Dr. Malcolm Stubbs is hereby **STAYED** until after the Independent Medical Examination on August 20, 2015.

New Orleans, Louisiana, this 17th day of August 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5